IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                          RESPONDENT

v.                        Crim. No. 6:09-cr-60007
                          Civil No. 6:10-cv-6003

KEVIN LAMONT BREWER                                                                    MOVANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed herein by KEVIN LAMONT BREWER, (hereinafter referred to as "Movant") an inmate confined at the Federal Correctional Institution, Texarkana, Texas.[1] The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. United States of America (hereinafter the "Respondent") has responded and this matter is ready for decision.

**Factual Background**[2]:

On September 9, 1994, Movant was sentenced to five years probation for five counts of Sexual Assault in the Second Degree and two counts of Sexual Assault in the Third Degree in the Circuit Court of the First Circuit in the State of Hawaii. On February 9, 1998, Movant registered with the State of Arkansas Sex Offender Registry in Little Rock, Arkansas. At that time, Movant signed an Acknowledgment by Offender Registration Form advising him of his duties and

---

[1] The Court notes Movant describes his place of confinement as "Home Confinement." The last address available to the Court for Movant is the Federal Correctional Institution, Texarkana, Texas.

[2] The factual and procedural background presented is taken from the pleadings of the parties and the Court's docket in this case.

responsibilities as a sex offender in the State of Arkansas. Following his initial registration and continuing through 2004, Movant signed various Sex and Child Offender Notification Forms pursuant to the requirements of the Arkansas Sex Offender Registry. The notification forms gave notice to Movant of his obligation under Arkansas law to notify the Arkansas Crime information Center of any change of address.

On February 12, 2009, the United States Marshal's Office for the Western District of Arkansas was notified by the Clark County Sheriff's Office that Movant was living in Gurdon, Arkansas in the Western District of Arkansas and had failed to register or update his registration information on the Arkansas Sex Offender Registry. On March 8, 2009, Movant informed law enforcement officials that he had previously been living in Africa and returned to Arkansas in December 2007. The Arkansas Sex Offender Registry confirmed Movant had last registered with the State of Arkansas in 2004. Further, the Arkansas Sex Offender Registry confirmed that, as of March 18, 2009, Movant was not registered in the State of Arkansas.

**Procedural Background**:

On April 22, 2009, Movant was named in a one-Count Indictment returned by a grand jury in the Western District of Arkansas for failing to register as a sex offender in violation of the Federal Sexual Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. (Doc. No. 5). Movant entered a plea of not guilty to the charge and subsequently filed two (2) separate motions to dismiss the indictment. Both motions to dismiss were denied by this Court.

Movant's first Motion to Dismiss (Doc. No. 28) asserted he was under no duty to register as a sex offender under Arkansas law at the time charged in the indictment. He also contended he was not given notice of the Federal sex offender registration requirement. United States District Judge

Robert T. Dawson rejected both of these arguments and denied the Motion to Dismiss on August 25, 2009. (Doc. No. 32).

Thereafter, Movant filed his second Motion to Dismiss. (Doc. No. 36). In this Motion, Movant asserted he was found guilty of a sex offense prior to August 1, 1997, and, therefore, was not subject to the Arkansas sex offender registration act, Ark. Code Ann. § 12-12-905 and SORNA was inapplicable to him. Judge Dawson denied this Motion on September 2, 2009. (Doc. No. 38).

On September 8, 2009, Movant entered a conditional plea of guilty to the one count indictment. He specifically reserved the right to appeal the denial of his two motions to dismiss the indictment. On December 9, 2009, he was sentenced to 24 months imprisonment, 15 years supervised released and a $3,000.00 fine. On December 17, 2009, an Amended Judgment was entered correcting Movant's sentence to 18 months imprisonment, 15 years supervised release and a $1,000.00 fine. (Doc. No. 53).

Movant filed his Notice of Appeal of the judgment and sentence on December 15, 2009. (Doc. No. 49).[3] On December 18, 2009, the United States Court of Appeal for the Eighth Circuit entered its scheduling order. (Doc. No. 56). The direct appeal is currently pending in the Court of Appeals. Movant claims to be unaware of the grounds raised in his direct appeal. The Respondent asserts he has raised the following issues on direct appeal:

> 1. The district court failed to engage in the necessary statutory interpretation of the Arkansas Sex Offender Registration Act of 1997, A.C.A. § 12-12-905 (1997), and therefore, improperly applied it to Movant;
>
> 2. The district court erred in denying the motion to dismiss because Movant could not have knowingly failed to register under SORNA when he was not on notice of his registration requirements under A.C.A. § 12-12-905 or through an appropriate official pursuant to 42 U.S.C. § 16917; and

---

[3] *See United States v. Brewer*, Cause No. 09-3898 (8th Cir. 2010).

      3. The SORNA violates the Ex Posto Clause because it increases the punishment of an offense for which punishment was already prescribed and punishes Movant for a law that is not yet applicable to him.

**Current Motion**:

      Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on January 13, 2010.  In his motion, Movant raises the following two issues:

      1.  Insufficient inadequate due process notice under State Law and SORNA; and

      2.  Incorrect information in Presentence Report.

Movant asserts he has raised neither of these issues in his direct appeal, despite the fact he also asserts he does not know what issues are raised in the direct appeal.

      The Respondent asserts this Motion to Vacate, Set Aside or Correct Sentence is premature because of the pending direct appeal of the conviction and sentence.  Specifically, the Respondent claims the pending Motion is "premature because he [Movant] is in the process of challenging the legality of his detention via direct appeal and these claims have not yet been resolved."

**Discussion**:

      "Ordinarily resort cannot be had to 28 U.S.C.A. § 2255 or *habeas corpus* while an appeal from conviction is pending." *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965).  A motion attacking a Federal criminal sentence pursuant to 28 U.S.C. § 2255 is premature when filed during the pendency of the direct appeal of that same criminal sentence. *See United States v. Jagim*, 978 F.2nd 1032, 1042 (8th Cir. 1992), *cert. denied sub nom. Ziebarth v. United States*, 113 S. Ct. 2447 (1993)("Because Ziebarth filed this motion while his direct appeal was pending before this Court, the District Court properly dismissed the section 2255 motion as prematurely filed.").  This is still the rule in this Circuit.  *See, Blade v. United States*, No. 07-3493, 266 Fed. Appx. 499, at *1 (8th Cir.

Feb. 26, 2008)("While his direct appeal was pending, Blade filed a 28 U.S.C. § 2255 motion, which he sought to amend several times, and which was dismissed by the district court as being prematurely filed. This court summarily affirmed the dismissal but amended the dismissal to be without prejudice.").

In this case, Movant, according to Respondent's brief, filed his direct appeal brief on March 14, 2010.  The Respondent has not yet filed its direct appeal brief.  Further, a review of the issues raised by Movant in this § 2255 motion shows they are the same or essentially the same as those raised in the direct appeal of the underlying criminal conviction.  The motion filed herein pursuant to § 2255 is premature and should be denied without prejudice to refiling upon conclusion of the direct appeal of the underlying criminal conviction.

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant petition be denied without prejudice and dismissed.  Movant should be allowed to refile this motion at the conclusion of his direct appeal.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this **13th day of April, 2010.**

                                              /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              U.S. MAGISTRATE JUDGE