IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

vs. Criminal No. 6:09-cr-060007
Civil No. 6:12-cv-06026

KEVIN LAMONT BREWER DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Kevin Brewer's (hereinafter "Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 83. Movant Kevin Brewer is currently not incarcerated but is under supervised release pursuant to a sentence entered by the Honorable Robert T. Dawson of the Western District of Arkansas, Hot Springs Division.

On February 10, 2012, he filed the instant Motion to Vacate under 28 U.S.C. § 2255 (2008).[1] ECF No. 83. This motion was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of this case. Consistent with the following analysis, this Court recommends this motion be **DENIED** in its entirety**.**

[1] Movant previously filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on January 13, 2010. ECF No. 59. That motion was denied as premature because Movant's direct appeal was still ongoing at that time. ECF No. 73. Judge Dawson, however, stated Movant would "be permitted to re-file his [2255] motion at the conclusion of his direct appeal." *Id.* On October 7, 2011, Movant's petition for a writ of *certiorari* was denied by the United States Supreme Court, and his direct appeal was finalized. ECF No. 80. Thus, the instant motion is properly before this Court.

**1. Background**[2]

On April 22, 2009, Movant was indicted on one count of knowingly failing to register as a sex offender or update his registration as a sex offender as a required by the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250 (2006). ECF No. 5. On September 8, 2009, Movant pled guilty to this count. ECF No. 42. In his Plea Agreement, Movant stated that he had moved from South Africa to Arkansas in December of 2007. *Id.* Prior to living in South Africa, he had originally lived in Arkansas; and although it is unclear when he moved from Arkansas to South Africa, Movant last registered as a sex offender in Arkansas in 2004. *Id.* On December 9, 2009, Movant was sentenced to 18 months imprisonment and 15 years supervised release. ECF No. 45. Movant was also fined $1,000.00 and charged a $100.00 special assessment. *Id.*

On December 15, 2009, Movant appealed his conviction to the Eighth Circuit. ECF No. 49. In his appeal, Movant argued his conviction should be overturned because he did not knowingly violate SORNA. *Id.* Thereafter, on January 14, 2011, the Eighth Circuit affirmed Movant's conviction. ECF No. 74. In its decision, the Eighth Circuit reaffirmed its previous holdings regarding SORNA: (1) the prosecution of a sex offender who violates 18 U.S.C. § 2250 after the enactment of SORNA does not violate the *Ex Post Facto Clause* and (2) the scienter requirement of SORNA is satisfied by proof of a knowing violation of state and local registration requirements, even if the defendant had no notice of his SORNA obligations. *Id.* The Eighth Circuit also addressed Movant's argument that he did not knowingly violate 18 U.S.C. § 2250 because "he had

---

[2] The facts and procedural background were taken from the motion (ECF No. 83), the response (ECF No. 86), the reply (ECF No. 88), and the supplement to the response (ECF No. 89) as well as the docket in this case.

no duty to register under the Arkansas Sex Offender Registration Act when he returned to Arkansas from South Africa in 2007." *Id.* The Eighth Circuit rejected his argument on this issue and found the Arkansas Sex Offender Registration Act required Movant to register as a sex offender in Arkansas when he returned in 2007. *Id.*

Movant filed the current motion on February 10, 2012. ECF No. 83. The Government responded to this motion on March 12, 2012, and Movant filed his reply on March 28, 2012. ECF Nos. 86, 88-89. No hearing has been held on this motion, and this Court finds no hearing is necessary.[3] This motion is now ready for consideration.

**2. Applicable Law**

Pursuant to 28 U.S.C. § 2255, a "prisoner in custody"[4] may petition "the court which imposed the sentence to vacate, set aside or correct the sentence." Relief may be granted if the sentence was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose such a sentence, if the sentence was in excess of the maximum authorized by law, or if the sentence is otherwise subject to collateral attack.

Section 2255 "was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States,* 417 U.S. 333, 343 (1974). Like *habeas corpus*, the remedy

[3] No evidentiary hearing is necessary because even assuming all of Movant's factual allegations are true, he is still not entitled to relief on his claims. *See Tinajero-Ortiz v. United States,* 635 F.3d 1100, 1105 (8th Cir. 2011) (holding that a "§ 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact'"). *See also Rogers v. United States,* 1 F.3d 697, 699 (8th Cir. 1993) (holding that when all the information necessary for the court to make a decision with regard to claims raised in a § 2255 is included in the record, there is no need for an evidentiary hearing").

[4] Section 2255 motions may only be brought by individuals "in custody." 28 U.S.C. § 2255. Even though Movant has been released, he is still considered "in custody" because he is serving a term of supervised release. *See Barks v. Armontrout,* 872 F.2d 237, 238 (8th Cir. 1989). Thus, he has standing to bring this action.

"does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio,* 442 U.S. 178, 185 (1979). It provides a remedy for jurisdictional and constitutional errors, but, beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited. *See Sun Bear v. United States,* 644 F.3d 700, 704 (8th Cir. 2011). The Supreme Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted a "a fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio,* 442 U.S. at 185 (*quoting Hill v. United States,* 368 U.S. 424, 428 (1962)).

A Section 2255 motion is generally a federal inmate's exclusive remedy for collaterally attacking the constitutional validity of his or her sentence. *See Rojas v. Apker,* No. 11-3458, 2012 WL 1994678, at *1 (8th Cir. June 5, 2012) (unpublished). The prisoner may only seek a different avenue for relief if he or she "shows the remedy afforded by section 2255 is inadequate or ineffective." *Id.* Further, with rare exceptions, a § 2255 motion may not be used to relitigate matters decided on direct appeal. *See Sun Bear,* 644 F.3d at 702.

**3. <u>Discussion</u>**

In this motion, Movant raises five arguments for relief: (A) the United States Attorney General improperly issued the Interim and Final Rules regarding the applicability of SORNIA to pre-SORNA offenders; (B) Movant was not properly notified of his obligations under SORNA[5]; (C) Movant is in the category of offenders who are unable to comply with the plain language of SORNA;

---

[5] Movant raises three arguments on this issue: (1) inadequate insufficient due process notice under state law and SORNA, including violation of due process, procedural due process, substantive due process, and due process notice; (2) no initial registration or notification of requirements in jurisdiction of conviction by the appropriate official as required by SORNA and state law which violates due process notice and the requirements of SORNA to be initially registered in the jurisdiction of conviction within specified time frames by the appropriate official; and (3) no notice of duration of registration as required under Hawaii state law, Arkansas state law, and SORNA. ECF No. 83 at 6-8. Because each argument raises the same issue of notice, this Court will address these issues together.

(D) Movant was given insufficient and inadequate notification of the registration requirements such that he could not have knowingly failed to register; and (E) Movant's counsel was ineffective because she did not preserve the issue of whether his sentence was substantially unreasonable. ECF No. 83.[6] This Court will address each of these arguments separately.

**A. Interim and Final Rules**

Movant raises three claims questioning the Attorney General's authority to issue the Interim and Final Rules under SORNA: (1) Congress's delegation of power under SORNA to the Attorney General was improper and violated the nondelegation doctrine; (2) the Attorney General's Interim Rule was enacted in violation of the Administrative Procedure Act ("APA"); and (3) the Attorney General's Final Rule was enacted in violation of the APA. ECF No. 83 at 5-6.

The Government claims Movant has procedurally defaulted on these claims because he did not present them as a part of his direct appeal. ECF No. 86 at 18-19. Such a default may, however, may be excused upon a showing of ineffective assistance of counsel or "actual innocence." *See United States v. Perales,* 212 F.3d 1110, 1111 (8th Cir. 2000). Because Movant has made colorable claims sufficient to raise the issues of ineffective assistance of counsel and actual innocence, this Court finds it is necessary to address the merits of Movant's claims and will address each of the arguments Movant raised.

As an initial matter, by way of background, SORNA was enacted in 2006. *See* 18 U.S.C. § 2250. As a part of SORNA, the Attorney General was authorized to extend SORNA and its registration requirements to sex offenders whose convictions pre-date the enactment of SORNA.

[6] Movant also states as Ground One that his counsel was ineffective for failing to raise these five arguments. ECF No. 83 at 5. Thus, when addressing each of these five grounds, this Court will also address whether Movant's counsel was ineffective for not raising each separate claim.

*See* 42 U.S.C. § 16913 (2006). The statute states, "The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction." *Id.* The Attorney General exercised that authority on February 28, 2007 and passed an Interim Rule extending the registration requirement to pre-SORNA offenders. *See* 72 Fed. Reg. 8897 (2007). On July 2, 2008, that Interim Rule was adopted as a Final Rule. *See* 73 Fed. Reg. 38030-01 (2008).

Subsequently, in 2012, the United States Supreme Court issued a decision addressing the applicability of SORNA to pre-SORNA offenders. *See Reynolds v. United States,* 132 S.Ct. 975 (2012). The Supreme Court concluded a decision was necessary on this issue because several circuits had determined SORNA was applicable to pre-SORNA sex offenders as of 2006 (when SORNA was enacted), even though the Attorney General did not apply SORNA to pre-SORNA offenders until 2007 with the Interim Rule and 2008 with the Final Rule. *Id.* at 980. In *Reynolds,* the Supreme Court held that, under the language of SORNA, the Attorney General must act to apply SORNA to pre-SORNA offenders. *Id.* SORNA *did not* automatically apply to pre-SORNA offenders as of the date of its enactment in 2006. *Id.* Accordingly, assuming the Interim and Final Rules were validly enacted, SORNA did not apply to pre-SORNA offenders until 2007. *Id.*

**1. Nondelegation Doctrine**

As his first argument, Movant claims the Attorney General's authority to issue the Interim Rule and Final Rule applying SORNA to pre-SORNA offenders violates the nondelegation doctrine. ECF No. 83 at 5-6. As discussed below, the nondelegation doctrine prohibits Congress from delegating excessive power to other branches or entities of government. *See Loving v. United States,* 517 U.S. 748, 771 (1996). This would include a delegation of power to the office of the Attorney

General, which is under the Executive Branch. *See id.*

**a. Supreme Court's Interpretation in *Reynolds***

The Supreme Court has never directly addressed the issue of whether Congress properly delegated its power to the Attorney General under SORNA. Nevertheless, although this issue has not been directly addressed, it appears the Supreme Court in *Reynolds* implicitly held Congress properly delegated the authority to the Attorney General to enforce SORNA upon pre-SORNA offenders. 132 S.Ct. at 980. Notably, in *Reynolds,* the defendant raised this issue as an argument against SORNA by characterizing the Attorney General's authority to selectively enforce SORNA through its rule making authority as an exercise of Congress's nondelegable power. *Id.* Despite this argument, the Supreme Court still found the Attorney General had the authority to require pre-SORNA sex offenders to comply with SORNA. 132 S.Ct. at 984. The Supreme Court expressly stated, "the Act's [SORNA's] registration requirements do not apply to pre-Act offenders *until* the Attorney General *so specifies*." 132 S.Ct. at 984 (emphasis added). Such a holding certainly assumes this authority was properly delegated.

Further, the dissent filed in *Reynolds* indicates the delegation issue had been decided. In their dissent, Justices Scalia and Ginsburg criticized the majority for granting this authority to the Attorney General. 132 S.Ct. at 986. The dissent stated, "it is not entirely clear to me that Congress can constitutionally leave it to the Attorney General to decide–with no statutory standard whatever governing his discretion–whether a criminal statue will or will not apply to certain individuals. That seems to me sailing close to the wind with regard to the principle that legislative powers are *nondelegable*." *Id.* (emphasis added).

However, because the Supreme Court's decision in *Reynolds* did not directly address whether

Congress's delegation was proper, many courts have found this issue is still unresolved. *See, e.g., United States v. Sudbury,* No. 11-cr-5536, 2012 WL 925960, at *1 (W.D. Wash. Mar. 19, 2012). The Eighth Circuit has also ruled this issue is not yet resolved. On several occasions, the Eighth Circuit has held that *Reynolds* permits a pre-SORNA sex offender challenging Congress's delegation of power to have a nondelegation claim addressed on the merits. *See United States v. Mefford,* 463 F. App'x 605, at *1 (8th Cir. 2012) (unpublished). *See also United States v. Springston,* No. 10-2820, 2012 WL 2849514, at *1 (8th Cir. July 12, 2012) (unpublished); *United States v. Curry,* No. 09-03031, 2012 WL 1698316, at *1 (8th Cir. May 16, 2012) (unpublished); *United States v. Fernandez,* 671 F.3d 697, 698 (8th Cir. 2012). For instance, the *Mefford* court found "[u]nder *Reynolds,* Mefford also is entitled to have his nondelegation challenge addressed on the merits." *Id.* Because the Eighth Circuit requires that a challenge to SORNA on nondelegation grounds be addressed on the merits, this Court will address that claim on the merits.

**b. Merits of Movant's Delegation Challenge**

In a delegation challenge, the constitutional question is whether the statute has improperly delegated legislative power to an agency. *See Whitman v. Am. Trucking Associations,* 531 U.S. 457, 472 (2001). Article I, § 1 of the Constitution vests "[a]ll legislative Powers herein granted . . . in a Congress of the United States." This text permits no delegation of those powers. *See id.; Loving v. United States,* 517 U.S. 748, 771 (1996). The Supreme Court has repeatedly held that when Congress confers decision making authority upon agencies, Congress must "lay down by legislative act an intelligible principle to which the person or body authorized to [act] is directed to conform." *Whitman,* 531 U.S. at 472 (*quoting J.W. Hampton, Jr., & Co. v. United States,* 276 U.S. 394, 409 (1928)).

This "intelligible principle" doctrine has been interpreted broadly by the courts. *See Sudbury,* 2012 WL 925960, at *1. *See also Yakus v. United States,* 321 U.S. 414, 426 (1944) (upholding a delegation to a price administrator to fix commodity prices that would be "fair and equitable"); *Federal Power Comm'n v. Hope Natural Gas Co.,* 320 U.S. 591, 600 (1944) (upholding a delegation to the Federal Power Commission to determine "just and reasonable rates"); *Nat'l Broad. Co. v. United States,* 319 U.S. 190, 225-26 (1943) (granting the FCC the power to regulate based upon "public interest, convenience or necessity"); *Mistretta v. United States,* 488 U.S. 361, 412 (1989) (upholding the creation of the Sentencing Commission as a proper delegation of authority). In *Mistretta*, the Supreme Court stated, "[u]ntil 1935, this Court never struck down a challenged statute on delegation grounds." 488 U.S. at 412. The Supreme Court also stated that even though they struck down two statutes in 1935 as excessive delegations, they have upheld "again without deviation, Congress' ability to delegate power under broad standards." *Id.*

In the present action, Congress outlined its purposes for SORNA as establishing "a comprehensive national system for the registration of those [sex] offenders." 42 U.S.C. § 16901. Consistent with its purpose, Congress delegated to the Attorney General the authority to specify the applicability of the requirements of SORNA to "sex offenders convicted before the enactment of this chapter [prior to 2006] or its implementation in a particular jurisdiction." 42 U.S.C. § 16913(d). This Court finds the purpose behind SORNA to create this "comprehensive national system" is a sufficient "intelligible principle" which limits the Attorney General's authority under SORNA such that it does not violate the nondelegation principle. *See United States v. Guzman,* 591 F.3d 83 (2nd Cir. 2010), *cert. denied,* 130 S.Ct. 3487 (2010) (upholding this delegation of authority as proper because of the limited nature of the Attorney General's authority). Thus, this Court finds Congress's

grant of authority to the Attorney General under SORNA was not improper and did not violate the nondelegation doctrine.

**2. Interim Rule by the Attorney General**

As his second argument, Movant claims the Attorney General's Interim Rule was issued in violation of the APA. ECF No. 83 at 5-6. In *Reynolds,* the Supreme Court noted the Attorney General issued an Interim Rule on February 28, 2007. *See* 72 Fed. Reg. 8897. In that Interim Rule, the Attorney General stated, "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act [SORNA]." *Id.* This Interim Rule was issued "with [a] request for comments," and the comment deadline was stated to be April 30, 2007. *Id.*

Also in the Interim Rule, the Attorney General stated it would be effective immediately with only *post-promulgation* public comments. *See* 72 Fed. Reg. 8897. Generally, under the APA, prior to a federal rule being enacted, notice and an opportunity for comment are required: "General notice of proposed rule making shall be published in the Federal Register. . . . the notice shall include–(1)a statement of the time place, and nature of public rule making proceedings; (2) reference to the legal authority under which the rule is proposed; and (3) either the terms or substance of the proposed rule or a description of the subjects and issues involved." 5 U.S.C. § 553(b). This public notice and opportunity to comment may be excused "when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." *Id.*

With the Interim Rule, the Attorney General stated there was "good cause" for circumventing the notice and public comment procedure of the APA. *See* 72 Fed. Reg. 8897. Specifically, the

Attorney General stated, "[t]he immediate effectiveness of this rule is necessary to eliminate any possible uncertainty about the applicability of the Act's requirements–and related means of enforcement, including criminal liability under 18 U.S.C. 2250 for sex offenders who knowingly fail to register as required–to sex offenders whose predicate convictions predate the enactment of SORNA." *Id.* In *Reynolds,* the Supreme Court did not state whether the Interim Rule was validly issued under the APA. 132 S.Ct. at 984. Instead, the Supreme Court recognized that the validity of this Interim Rule was in dispute and stated "[w]hether the Attorney General's Interim Rule sets forth a valid specification consequently matters in the case before us." *Id.* Then, the Supreme Court reserved that issue for the Third Circuit to decide and remanded the case for further findings. *Id.* The Third Circuit has not yet issued a ruling on this issue.

**a. Applicability to Movant**

On the surface, it appears that in the present action, whether the Interim Rule was validly issued under the APA does not impact the outcome of Movant's case. The Interim Rule was only in place from February 28, 2007 until July 2, 2008 when the Final Rule was enacted. *See* 73 Fed. Reg. 38030-01. Movant was indicted for failing to register as a sex offender from December of 2007 until March 18, 2009, and March 18, 2009 was well after the Final Rule was enacted. ECF No. 5. Movant also stated in his Plea Agreement that he had failed to register as a sex offender on February 12, 2009, also well after the Final Rule was enacted. ECF No. 42. Because he was in violation of SORNA after the Final Rule passed, it appears he has no basis for challenging the Interim Rule. *See Mefford,* 463 F. App'x at *1 (holding that "it is undisputed that Mefford failed to register in 2009, after the Attorney General had issued a final rule exercising the authority to apply SORNA's requirements to pre-SORNA offenders . . . . Therefore, unlike the petitioner in *Reynolds,* Mefford

could not (and did not) assert any challenge to the interim rule").

However, upon review, Movant's violation of 18 U.S.C. § 2250 *did occur* while the Interim Rule was in effect. Notably, in his motion, Movant argues the Interim Rule applies to him because "interstate travel occurred before Final Valid Rule." ECF No. 83 at 5. Specifically, based upon his Plea Agreement, Movant was found to have "returned to Arkansas in December 2007." ECF No. 42 at 2. Movant argues that because he traveled in interstate commerce while the Interim Rule was in effect in 2007, he has a basis for challenging that rule. Based upon the requirements of 18 U.S.C. § 2250(a), Movant is correct that he was subject to the Interim Rule because he traveled in 2007.

There are three requirements for establishing criminal liability under 18 U.S.C. § 2250(a): (1) the person must be required to register as a sex offender under SORNA; (2) "is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States" or "travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country"; and (3) knowingly fails to register or update a registration as required by SORNA.

As for the first requirement, by virtue of the Interim Rule, Movant was required to register as a sex offender under SORNA as of February 28, 2007; and by virtue of the Final Rule, Movant was required to register as a sex offender under SORNA as of July 2, 2008. *See* 72 Fed. Reg. 8897, 73 Fed. Reg. 38030-01. Second, Movant must be a sex offender who has traveled in interstate commerce.[7] *See* 18 U.S.C. § 2250(a). Accordingly, to be found guilty of violating Section 2250,

[7] The second requirement also applies to "a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of

he must be found to be a person who "travels in interstate or foreign commerce."

The Supreme Court has found the requirements of 18 U.S.C. § 2250(a) should be read sequentially such that the defendant must *first* be required to register under SORNA and *then* must have traveled in interstate commerce. *See Carr v. United States,* 130 S.Ct. at 2235-36 (holding that "[o]nce a person becomes subject to SORNA's registration requirements, which can occur only after the statute's effective date, that person can be convicted under § 2250 if he thereafter travels and then fails to register"). In the present action, Movant traveled in December of 2007. ECF No. 42 at 1-2. Since the travel must occur *after* the registration requirement, Movant must have been subject to registration prior to December of 2007. Accordingly, Movant was subject to the Interim Rule of February 28, 2007 and not the Final Rule of July 2, 2008.

**b. Enactment of the Interim Rule**

Because Movant has demonstrated that he was subject to the Interim Rule, the question then becomes whether the Interim Rule was properly enacted under the APA. In general, the APA requires a notice and comment period and a thirty-day waiting period. *See* 5 U.S.C. § 553(b)-(d). There is a "good cause" exception that dispenses with the notice, comment, and waiting period requirements. *Id.* In the present action, the Attorney General found this "good cause" exception existed and immediately enacted the Interim Rule on February 28, 2007. *See* 72 Fed. Reg. 8897. There is at least some dispute as to whether the Attorney General demonstrated sufficient "good cause." *See, e.g., United States v. Knutson,* 680 F.3d 1021, 1023 (8th Cir. 2012) (recognizing the

---

the United States." *See* 18 U.S.C. § 2250(a). It appears this section, however, only applies to sex offenders who were required to *initially* register in a given state. *See Carr v. United States,* 130 S.Ct. 2229, 2235-36 (2010). Because Movant did properly initially register in Arkansas prior to leaving for South Africa, it appears Movant does not meet the requirements of this subpart. Thus, this Court will not address this issue further.

fact the validity of the Interim Rule is in dispute).

The Fifth Circuit has directly addressed this issue and found that even if the Interim Rule had been improperly enacted, this error was "harmless" because the rule would have been finally adopted thirty days after February 28, 2007 had the Attorney General complied with the APA. *See United States v. Byrd,* 419 F. App'x 485, 490 (5th Cir. 2011) (unpublished). Such a holding was consistent with the Fifth Circuit's previous holding in *United States v. Johnson,* 632 F.3d 912 (2011).

As of this date, the Eighth Circuit has not yet ruled on the validity of the Interim Rule, but the Fifth Circuit's holding on this issue appears to be consistent with Eighth Circuit precedent. *See United States v. Gavrilovic,* 551 F.2d 1099, 1106 (8th Cir. 1977). In *Gavrilovic,* the Administrator of the Drug Enforcement Administration ("DEA") added mecloqualone as a Schedule I controlled substance without the required thirty-day waiting period of the APA. *Id.* Citing the "danger inherent in mecloqualone," the Administrator found there was good cause for placing it on Schedule I "at a date earlier than thirty days from the date of publication of this order in the Federal Register." *Id.* at 1102-03. The Eighth Circuit found the DEA's actions were improper. *Id.*

However, instead of nullifying the DEA's actions, the Eighth Circuit held that regulation was not effective until "30 days after . . . publication in the Federal Register." *Id.* Consistent with the holding in *Gavrilovic* and *Byrd*, this Court finds that even if the Attorney General did not provide sufficient "good cause" to avoid the thirty-day notice period, that error was still harmless. The thirty-day period would have elapsed on March 30, 2007. Movant admittedly traveled in December of 2007, well after this waiting period would have expired. Thus, Movant meets the second requirement of 18 U.S.C. § 2250 as it applied to him in 2007, and Movant has not shown he was exempt from complying with SORNA.

**3. Final Rule by the Attorney General**

In his briefing, Movant claims the Final Rule of the Attorney General was enacted in violation of the APA. ECF No. 83 at 5. Movant also does not elaborate on this claim or provide any additional briefing on this claim. *Id.* The Final Rule was enacted by the Attorney General after a notice and comment period and a thirty-day waiting period. *See* 5 U.S.C. § 553(b)-(d). There is no indication that the enactment of the Final Rule violated the APA and this Court will not address this issue further.

**4. Ineffective Assistance of Counsel**

As a final note, Movant claims his counsel was ineffective for failing to raise the arguments stated in his briefing, including the challenges to the Attorney General's Interim Rule and Final Rule. ECF No. 83 at 5. To establish ineffective assistance of counsel, Movant must meet two requirements: (1) deficient performance such that counsel was not functioning as the "counsel" guaranteed Movant by the Sixth Amendment; and (2) prejudice such that the errors were so serious as to deprive Movant a fair trial. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).

As noted above, Movant's challenges to the Interim and Final Rules would have failed. Additionally, any attack on the Supreme Court's decision in *Reynolds* would have been impossible because that case had not been decided. *See Parker v. Bowersox,* 188 F.3d 923, 929 (8th Cir. 1999) (holding that an attorney's failure to anticipate a change in the law is not ineffective assistance of counsel). Thus, this Court finds counsel was not deficient for failing to raise these arguments. Additionally, even if she were deficient, this failure did not prejudice Movant.

**B. Notification of SORNA**

Movant claims he is entitled to relief under § 2255 because he was not properly notified of

the registration requirements under SORNA. ECF No. 83 at 6-8. Specifically, he raises three arguments regarding notification: (1) inadequate insufficient due process notice under state law and SORNA, including violation of due process, procedural due process, substantive due process, and due process notice; (2) no initial registration or notification of requirements in jurisdiction of conviction by the appropriate official as required by SORNA and state law which violates due process notice and the requirements of SORNA to be initially registered in the jurisdiction of conviction within specified time frames by the appropriate official; and (3) no notice of duration of registration as required under Hawaii state law, Arkansas state law, and SORNA. *Id.*

This Eighth Circuit has directly addressed the issue of notice of SORNA in *United States v. Baccam,* 562 F.3d 1197, 1199 (8th Cir. 2009). The Eighth Circuit found the defendant's rights were not violated by SORNA because "he had not received notice of the statute's registration requirements." *Id.* Thus, consistent with *Baccam,* this Court rejects Movant's arguments on this issue. Further, this Court finds Movant's counsel was not deficient for failing to raise these arguments; and even if she were deficient, this failure did not prejudice Movant.

**C. Compliance with SORNA**

Movant claims he is in a category of offenders unable to comply with the plain language of SORNA. ECF No. 83 at 8-9. With this claim, Movant again raises the issue that he was not properly notified of the requirements of SORNA. *Id.* Movant also claims that because he was not within the United States when SORNA was passed, he was unable to comply with the requirements of SORNA. *Id.* Based upon a review of the requirements of SORNA, this Court finds Movant's argument is without merit.

Under SORNA, a sex offender has an obligation to "initially register." 42 U.S.C. § 16913(b).

For those sex offenders who unable to "initially register," such as Movant in the present action, the "Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section." *Id.* § 16913(d).

As noted above, the Attorney General issued a Interim Rule and a Final Rule, both stating that SORNA applies to those individuals who were not required to initially register under SORNA. That rule has been codified in the Code of Federal Regulations: "The requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3 (2011). An example is also provided as a part of this regulation:

> Example 2. A sex offender is convicted by a state jurisdiction in 1997 for molesting a child and is released following imprisonment in 2000. The sex offender initially registers as required but relocates to another state in 2009 and fails to register in the new state of residence. The sex offender has violated the requirements under the Sex Offender Registration and Notification Act to register in any jurisdiction in which he resides, and could be held criminally liable under 18 U.S.C. 2250 for the violation because he traveled in interstate commerce.

*Id.* Although the facts involved are somewhat distinguishable, this scenario is almost identical to Movant's situation. Accordingly, this Court finds even though Movant was convicted prior to the enactment of SORNA and even though he was not within the United States when SORNA was enacted, he is still bound to follow the requirements of SORNA. Further, this Court finds Movant's counsel was not deficient for failing to raise these arguments; and even if she were deficient, this failure did not prejudice Movant

**D. Knowingly Failure to Register**

Movant claims that because he did not know he was required to register under SORNA, he could not have "knowingly" failed to register as a sex offender. ECF No. 83 at 9-10. Movant raised this issue on direct appeal, and the Eighth Circuit rejected Movant's claim and held that "the scienter requirement of SORNA is satisfied by proof of a knowing violation of state or local requirements, even if the defendant had no notice of his SORNA obligations." ECF No. 74-2 at 2-3. Because this issue was raised as a part of Movant's direct appeal, this Court will not address this argument again. *See Sun Bear,* 644 F.3d at 702. Further, this Court also finds Movant's counsel was not deficient for failing to raise these arguments; and even if she were deficient, this failure did not prejudice Movant

**E. Sentence as Substantially Unreasonable**

Movant claims his sentence was substantially unreasonable, and his counsel erred by failing to raise this issue. ECF No. 83 at 11-12. In the present action, Movant was sentenced to 18 months imprisonment and 15 years supervised release. ECF No. 45. The 18 month prison term is much less than the maximum penalty for a violation of SORNA, namely up to ten years imprisonment. 18 U.S.C. § 2250. Further, the term of supervised release imposed in this case was well below the statutory maximum of life. *See* 18 U.S.C. § 3583(k). Accordingly, this Court finds Movant's sentence was not substantially unreasonable.

Further, Movant raised the issue of whether his sentence was substantively unreasonable on direct appeal. ECF No. 74-2 at 5. The Eighth Circuit found this issue was not properly preserved for appeal. *Id.* However, even though the Eighth Circuit found it was not properly preserved, the Eighth Circuit still addressed this issue. *Id.* The Eighth Circuit noted Judge Dawson properly

reviewed the sentencing factors and imposed a term of supervised release that was in accordance with the sentencing guidelines. *Id.* The Eighth Circuit then stated, "we cannot conclude that the district court's imposition of a fifteen-year term was a substantively unreasonable abuse of discretion in this case." *Id.* Accordingly, this Court finds that even if Movant's counsel erred by not raising preserving this issue at trial, Movant was not prejudiced by this error.

**4. Conclusion**

For the foregoing reasons, the undersigned recommends this motion under 28 U.S.C. § 2255 be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED this 1st day of August 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE