UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                                       RESPONDENT

vs.                                    Criminal No. 6:09-cr-60007
                                       Civil No. 6:10-cv-06003

KEVIN BREWER                                                                                                   MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Kevin Brewer ("Brewer") who is proceeding *pro se*. On September 16, 2020, Brewer filed this Petition for Certificate of Innocence pursuant to 28 U.S.C. § 2513.[1] ECF No. 136. Thereafter, on October 19, 2020, the Government responded to this Motion. ECF No. 140. Brewer replied on October 26, 2020. ECF No. 141. This matter is now ripe for consideration.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion, the response, and the reply; and based upon that review, the Court recommends this Motion be **DENIED**.

**1.     Procedural Background[2]:**

On April 22, 2009, a grand jury sitting in the Western District of Arkansas returned an Indictment against Brewer charging him with knowingly failing to register as a sex offender after traveling in interstate commerce in violation of Title 18 U.S.C. § 2250 (SORNA). ECF No. 5. On September 8, 2009, Brewer entered a conditional plea of guilty to the Indictment for knowingly failing to register as a sex offender after traveling in interstate commerce, reserving the right to appeal the denial of pretrial motions. He was sentenced to 18 months imprisonment, followed by

---

[1] Brewer also filed an amended motion on the same date. ECF No. 137. The Court has also considered that amended motion.
[2] The "Procedural Background" is taken from the pleadings and publicly filed documents in this case.

1

a term of 15 years supervised release, a $1,000 fine, and a $100 special assessment. ECF Nos. 41-42, 47, 53.

Brewer appealed this conviction and sentence, and the Eighth Circuit Court of Appeals affirmed the district court. *See United States v. Brewer,* 628 F.3d 975 (8th Cir. 2010). His petition for writ of *certiorari* was likewise denied. *See Brewer v. United States,* 132 S.Ct. 126 (2011). Simultaneous with the Eighth Circuit appeal, Brewer filed a motion seeking relief under 18 U.S.C. § 2255 with the district court. ECF No. 59. The district court denied this 18 U.S.C. § 2255 Motion. ECF No. 69.

In 2012, Brewer filed a second motion under 18 U.S.C. § 2255, and this second motion as likewise denied. ECF Nos. 83, 90, 93. The district court granted Brewer's request for Certificate of Appealability, and Brewer appealed that denial of his 18 U.S.C. § 2255 to the Eighth Circuit. In 2013, while Brewer's second appeal was pending, his supervised release was revoked, and he was sentenced to 24 months' imprisonment. ECF No. 127. On September 10, 2014, the Eighth Circuit issued an opinion reversing the district court's ruling denying the 18 U.S.C. § 2255 motion and overturned Brewer's SORNA's conviction, finding that SORNA was in violation of the non-delegation doctrine, and the enactment of the Interim Rule applying SORNA to pre-act sex offenders was a violation of the APA. *See United States v. Brewer,* 766 F.3d 884 (8th Cir. 2014). He was released shortly thereafter from the Bureau of Prisons.

Thereafter, Brewer then filed the present *pro se* Petition for a Certificate of Innocence. ECF No. 136. The Government has responded, and this Petition is now ripe for consideration.[3]

---

[3] It appears the Government's response was filed late, and Brewer argues it should not be considered based upon that untimeliness. ECF No. 141. This response, however, was less than a month untimely; and the Court finds no prejudice to Brewer in considering the response despite its untimeliness. Furthermore, the Court has independently reviewed this Petition; and even without a response from the Government, the Court would recommend it be denied.

**2.    Discussion**:

The Government claims Brewer's Petition for Certificate of Innocence should be denied in its entirety because Brewer has not demonstrated he is entitled to this Certificate of Innocence. ECF No. 140.  Upon review, the Court agrees with the Government and finds Brewer has not met the standard for relief.

To be entitled to a "Certificate of Innocence" for an unjust conviction and imprisonment, Brewer must demonstrate *more* than that his conviction and sentence were overturned.  Instead, he must demonstrate the following:

> (1)    His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2)    *He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.*

28 U.S.C. § 2513 (a) (2004) (emphasis added).  Here, as a result of the decision of the Eighth Circuit, "the Government does not dispute that Brewer meets the requirement of § 2513(a)(1), because he was not 'guilty of the offense of which he was convicted.'"  ECF No. 140, p. 7. However, the statute clearly contemplates more than an overturned conviction and sentence.

Notably, in the present action, Brewer only claims his conviction and sentence were overturned by the Eighth Circuit; he has not demonstrated the requirements of part two of this statute have been met.  He has failed to even allege he did not violate any other law (state or federal) with his actions.

Indeed, Brewer has not demonstrated that his own misconduct or neglect did not cause his

prosecution. Based upon the case history in this matter, it was unclear in 2007 whether SORNA required Brewer to register as a sex offender in Arkansas or not. Brewer, aware of sex offender registration requirements having previously complied same, could have avoided prosecution entirely by *first* seeking a determination of whether he was required to register as a sex offender back in 2007. Because he did not do so, his own neglect led to his prosecution.

Further, it is also clear that Brewer's conduct was a violation of state law, specifically the Arkansas Sex Offender Registration Statute, Ark. Code Ann. § 12-12-905. To prove a violation of the Arkansas Sex Offender Registration Statute, the state must show the person has been convicted of a qualifying sex offense and that he failed to register. *See Guyton v. State*, 601 S.W.3d 440, 445-446 (Ark. 2020). In Brewer's first appeal, the Eighth Circuit engaged in an analysis of this statute. The Eighth Circuit recognized his culpability under the Arkansas statute in its first opinion in this case. *See United States v. Brewer*, 628 F.3d 975, 978 (8th Cir. 2010). Accordingly, despite his conviction and sentence being overturned, Brewer still has not demonstrated he is entitled to a "Certificate of Innocence."

3.  **Conclusion**:

Because Brewer has not demonstrated he meets the requirements of 28 U.S.C. § 2513 (a), Brewer's Petition for a Certificate of Innocence (ECF No. 136) and Amended Motion (ECF No. 137) should be **DENIED** in their entirety.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

**district court**.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **10th day of December 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE